UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TY EDWARD HODGE,

               Plaintiff,

    v.

CITY OF PORT TOWNSEND, *et al.*,

               Defendants.

CASE NO. 3:26-cv-05186-GJL

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

This matter is before the Court on the parties' consent to proceed before a Magistrate Judge. *See* Dkt. 17. Presently before the Court is Defendants' Motion for partial summary judgment (Dkt. 7) and Plaintiff's Motion for leave to file a first amended complaint (Dkt. 15). Upon review, the Court **GRANTS** Plaintiff's Motion to amend his Complaint (Dkt. 15) and **DIRECTS** the Clerk of Court to **FILE** the Amended Complaint (Dkt. 15-1). Defendants' Motion for partial summary judgment (Dkt. 7) is now **MOOT** and thus **DENIED without prejudice**.

//

//

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

## I.    BACKGROUND

Plaintiff Ty Edward Hodge, proceeding *pro se*, originally filed this action in Jefferson County Superior Court in February 2026, bringing 42 U.S.C. § 1983 claims for violations of his First and Fourteenth Amendment rights against the City of Port Townsend and four Port Townsend Police Officers. Dkt. 1-2. Plaintiff also brought several claims under state law. *See id*.

Defendants removed the case to this Court, filed an Answer on February 26, 2026, and filed the Motion for partial summary judgment on February 27, 2026, arguing that Plaintiff's claims are time-barred. Dkts. 1, 4, 7. On April 5, 2026, Plaintiff filed the Motion for leave to file a first amended complaint, referencing new allegations and arguing that his claims, including a new federal claim, accrued later than Defendants contend. Dkt. 15. Defendants have filed no opposition to Plaintiff's Motion for leave to amend. *See docket*.

## II.    DISCUSSION

### A.    Plaintiff's Motion to Amend Complaint

The time for Plaintiff to amend his Complaint as a matter of course has passed and he has not received consent of the opposing parties, therefore Plaintiff needs leave of Court to file an amended complaint. *See* Fed. R. Civ. P. 15(a)(1)–(2).

Pursuant to Federal Rule of Civil Procedure 15(a)(2), courts should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Court should grant leave "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, Plaintiff is seeking leave to amend his Complaint for the first time and Defendants have not opposed Plaintiff's Motion. Given the lack of opposition to Plaintiff's Motion and the deferential standard to grant leave to amend, the Court **GRANTS** Plaintiff's Motion. Dkt. 15.

**B.    Defendants' Motion for Partial Summary Judgment**

Defendants have filed a Motion for partial summary judgment based on Plaintiff's original Complaint. Dkt. 7. However, pursuant to this Order, Plaintiff has now filed an Amended Complaint with leave from the Court. An amended complaint supersedes any complaints filed before it. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The previous complaints are "treated thereafter as non-existent." *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa C'nty*, 693 F.3d 896 (9th Cir. 2012). Because Defendants' Motion for partial summary judgment is based on the original Complaint, Defendants' Motion is based on a complaint that is now "non-existent."

Based on the foregoing, the Court finds Defendants' Motion for partial summary judgment (Dkt. 7) is now **MOOT**, as it is based on the original Complaint, and the Motion is thus **DENIED without prejudice**. *See Nelson v. City of Los Angeles*, No. CV 11-5407-PSG(JPG), 2015 WL 1931714, *22 (C.D. Cal. Apr. 28, 2015) (recommending summary judgment motions be denied without prejudice to their reassertion after the plaintiff was given leave to amend because the motions for summary judgment were based on the original complaint); *Farkas v. Gedney*, No. 2:14-cv-451-JAD-VCF, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

### III.   CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

(1)   Plaintiff's Motion for leave to file a first amended complaint (Dkt. 15) is **GRANTED**. The Clerk is directed to **FILE** the Amended Complaint (Dkt. 15-1). The Amended Complaint is deemed the Operative Complaint in this matter.

(2)   Defendants' Motion for partial summary judgment (Dkt. 7) was premised on an earlier version of the Complaint. This Motion (Dkt. 7) is therefore **MOOT** and **DENIED without prejudice**.


Dated this 7th day of May, 2026.


Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING MOTION TO AMEND AND DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT - 4